## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO:

MAGDALENA CONREY, and
all others similarly situated under
*29 U.S.C. 216(b),*

      Plaintiff(s),

      v.

BAGEL WAY KOSHER WAY, INC.
d/b/a BAGEL WAY, and AURELIA
BEN TOV, individually,

      Defendant.
_____/

### COMPLAINT

Plaintiff, MAGDALENA CONREY ("Plaintiff"), pursuant to *29 U.S.C. § 216(b)*, files the following Complaint against Defendants, BAGEL WAY KOSHER WAY, INC. ("BAGEL WAY") and AURELIA BEN TOV ("BEN TOV") individually, (collectively referred to hereinafter as "Defendants"), on behalf of herself, and all others similarly situated, and alleges:

### INTRODUCTION

1. Defendants have unlawfully deprived Plaintiff, and all other employees similarly situated, of minimum wage compensation during the course of their employment. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to recover all wages owed to Plaintiff, and those similarly situated to Plaintiff, during the course of their employment.

## PARTIES

2.   During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris.*

3.   During all times material hereto, Defendant, BAGEL WAY, was a Florida corporation located and transacting business within Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.  BAGEL WAY is headquartered at 1523 N.W. 165th Street Unit A, Miami, Florida, 33169 and operates its principal location at 1600 NE 163rd Street, North Miami, Florida.

4.   During all times material hereto, Defendant, BEN TOV, was a resident of the Southern District of Florida, and was President and operator of the Defendant company within Miami-Dade County, Florida.

5.   During all times material hereto, Defendant, BEN TOV, was over the age of 18 years, and was vested with ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, BAGEL WAY, during the relevant time period.

6.   Defendant, BAGEL WAY was Plaintiff's employer, as defined by *29 U.S.C. § 203(d),* during all times pertinent to the allegations herein.

7.   Defendant, BEN TOV, was also Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

8.   All acts and omissions giving rise to this dispute took place within Miami-Dade County, Florida.

9.  Defendant, BAGEL WAY, is headquartered and regularly transacts business in Miami-Dade County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

10. Venue is proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

11. Defendant, BAGEL WAY, is a modern American diner and restaurant that has been operating in Miami-Dade County, Florida, since at least 2016.

12. According to its own website, Defendant, BAGEL WAY, holds itself out to the community as follows:

> From New York to Miami, Bagel Way is a modern American diner and a restaurant.  Bagel Way is proud to present our authentic variety of KOSHER New York bagels, served fresh daily with your choice of salads, spread, and cream cheeses.  The owners are the co-founders of a Top 10 breakfast spot in Miami, known as Coral Bagels, established 27 years ago.  Located in the heart of North Miami Beach, we are inviting you to enjoy yourself in a cozy indoor and spacious outside patio with music.

*See* *www.mybagelway.com/about-us*

13. Defendant, BAGEL WAY, employs individuals like Plaintiff to wait tables, enter orders, and otherwise provide food services to patrons.

14. Defendant, BAGEL WAY, is covered under the FLSA through enterprise coverage, as BAGEL WAY was engaged in interstate commerce during all pertinent times in which Plaintiff was employed.  More specifically, BAGEL WAY's business and Plaintiff's work for BAGEL WAY affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

Accordingly, Defendant, BAGEL WAY, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B).*

15. During her employment with Defendant, BAGEL WAY, Plaintiff, and multiple other employees, handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: salad ingredients, spreads, cream cheese, bagels, flour, pasta, knishes, bourekas, fish, meat, napkins, aprons, cleaning equipment, trash bags, cutlery, and other utensils.

16. Defendant, BAGEL WAY, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, BAGEL WAY's business an enterprise covered by the FLSA.

17. Upon information and belief, Defendant, BAGEL WAY, grossed or did business in excess of $500,000.00 during the years of 2015, 2016, 2017, and is expected to gross in excess of $500,000.00 in 2018.

18. On or about February 11, 2018, Plaintiff applied to work as a waitress for Defendant, BAGEL WAY.

19. Plaintiff was offered employment and told by the manager that she would be compensated $5.50 per hour.

20. Plaintiff worked for Defendant, BAGEL WAY, from February 12, 2018 until on or about February 28, 2018.

21. After working thirty (30) hours for Defendant, Plaintiff was not compensated in any conceivable way, and called the restaurant to ask why she had not been paid.

22. Plaintiff was advised that compensation would be sent to her, however, no such compensation was ever paid or otherwise sent to Plaintiff.

23. After Defendants failed to follow through on their promise to properly compensate Plaintiff, she once again inquired as to when she would be properly paid for the work she performed for Defendant.

24. Plaintiff further inquired as to when she was scheduled to work next.

25. Defendant, BAGEL WAY, immediately advised Plaintiff that her services were no longer needed at the restaurant.

26. Defendant, BAGEL WAY, then refused to compensate Plaintiff in any conceivable way.

27. Defendant, BEN TOV, was vested with the authority to hire, and in fact, did approve the hiring of Plaintiff to work for BAGEL WAY.

28. During all material times hereto, Plaintiff was a non-exempt employee of Defendant, BAGELW AY, and Defendant, BEN TOV, within the meaning of the FLSA.

29. From February 11, 2018, through the end of February 2018, Plaintiff worked at least thirty (30) hours.

30. During this time period, Defendant, BEN TOV, was President of Defendant, BAGEL WAY, and controlled the day-to-day operations of BAGEL WAY, including the work schedules, company's payroll practices, and was vested with ultimate hiring and firing decisions for Defendant, BAGEL WAY.

31. After hiring Plaintiff as a non-exempt employee, Defendant, BAGEL WAY, regularly supervised Plaintiff while she was performing services.

32. During this time period, Plaintiff (i) did not have supervisory authority over any individuals; (ii) did not make any decisions of importance on behalf of BAGEL WAY; and

(iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities.

33. Defendant, BAGEL WAY, knew that Plaintiff was performing work for which it retained the benefit, scheduled Plaintiff to work, refused to pay Plaintiff the proper minimum wage rate of $8.25 per hour, and approved the unlawful treatment of Plaintiff during all material times of Plaintiff's employment.

34. Defendants, BAGEL WAY and BEN TOV, were either recklessly indifferent as to the minimum wage requirements under federal and state law, or, in the alternative, *intentionally misled* Plaintiff so that the Defendants could avoid having to pay Plaintiff her lawful (and hard-earned) wages.

35. During all time periods alleged herein, Defendants failed to advise Plaintiff of any tip credits under the FLSA they intended to rely upon.

36. As a direct result of Defendants' intentional and/or willful violation of the FLSA, Plaintiff has suffered damages and has had to retain the services of the undersigned counsel to exercise her rights and is therefore entitled to recovery of her reasonable attorney's fees and costs incurred.

## COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS – *29 U.S.C. § 206*
### (Against All Defendants)

37. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 36, as though set forth fully herein.

38. Defendant, BAGEL WAY, is covered under the FLSA through enterprise coverage, as BAGEL WAY was engaged in interstate commerce during all pertinent times in which Plaintiff was employed.  More specifically, BAGEL WAY operated a restaurant that

employed at least two (2) employees who regularly handled goods and/or materials that traveled through interstate commerce.

39. During her employment with Defendant, BAGEL WAY, Plaintiff, and all other similarly situated employees, handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: salad ingredients, spreads, cream cheese, bagels, flour, pasta, knishes, bourekas, fish, meat, napkins, aprons, cleaning equipment, trash bags, cutlery, and other utensils.

40. Accordingly, Defendant, BAGEL WAY, business an enterprise covered by the FLSA.

41. During all times pertinent to her employment, Defendants, BAGEL WAY, and BEN TOV, treated Plaintiff as a non-exempt, hourly employee under the FLSA, and were on notice of the hours actually worked by Plaintiff.

42. During the **one (1) week** of her employment with Defendant, BAGEL WAY, Plaintiff worked *at least* **thirty (30) hours**, but was **never** compensated in any conceivable way.

43. Accordingly, Plaintiff is entitled to recover federal minimum wage in the amount of at least $7.25 per hour.

44. Accordingly, Plaintiff is entitled to recover overtime in the amount of $217.50.

45. However, Defendants, BAGEL WAY, and BEN TOV, were specifically aware of the number of hours Plaintiff was working, and Defendants' failure, through today's date, to pay amounts owed pursuant to the Fair Labor Standards Act, is willful and intentional. Defendants, BAGEL WAY and BEN TOV knew (or should have known) of the minimum wage requirements of the FLSA and either intentionally avoided or recklessly failed to investigate proper payroll practices as they relate to the law.

46. Accordingly, Plaintiff is entitled to, and specifically requests, liquidated damages in an amount equal to the unpaid minimum wage that is due and owing, in a total amount equaling $217.50.

47. Therefore, Plaintiff seeks total unpaid minimum wage damages in the amount of **$435.00**.

48. The amount set forth above is to Plaintiff's best current information, knowledge and belief, and constitutes an estimate of amounts owed based upon documentation in Plaintiff's possession and her own personal recollection.

49. Plaintiff is further entitled to all reasonable attorney's fees and litigation costs from the Defendants, jointly and severally, pursuant to the FLSA as cited above, with all amounts set forth hereinabove to be proven at trial, in a trial by jury, and for entry of judgment for such other amounts as this Court deems just and equitable.

WHEREFORE, Plaintiff, MAGDALENA CONREY, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, BAGEL WAY KOSHER WAY, INC. and AURELIA BEN TOV, and award Plaintiff: (a) double unpaid minimum wages as provided by the Fair Labor Standards Act to be paid by the Defendants, BAGEL WAY KOSHER WAY, INC. and AURELIA BEN TOV, jointly and severally; (b) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## COUNT II – FLSA RETALIATION
### (Against BAGEL WAY)

50. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 36, as though set forth fully herein.

51. After being hired to work as a waitress, Plaintiff intended to continue working for Defendant for *at least* one (1) year, notwithstanding Defendant's failure to properly compensate Plaintiff under state and federal law.

52. On or about the end of February 2018, Plaintiff verbally advised her employer, BAGEL WAY, that it had failed to properly compensate her in any conceivable way for the thirty (30) hours of work she performed during the workweek of February 11, 2018.

53. However, Defendant failed to remedy its FLSA violations and refused to compensate Plaintiff for any of the hours she worked.

54. Plaintiff again requested her lawfully earned wages and asked when she was scheduled to work again.

55. In direct response to Plaintiff's invocation of her rights to proper compensation under the FLSA, Defendant terminated Plaintiff.

56. Defendant's unlawful retaliation and ultimate termination of Plaintiff constitutes a violation of the FLSA anti-relation provision.

57. As a result of Defendant's FLSA violations, Plaintiff is entitled to recover lost front and back pay in an amount to be proven at trial.

58. Defendant's unlawful conduct has required Plaintiff to retain the undersigned counsel and Plaintiff is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of her claims.

WHEREFORE, Plaintiff, MAGDALENA CONREY, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, BAGEL WAY KOSHER WAY, INC., and award Plaintiff: (a) front and/or back pay in an amount to be determined at trial; (b) reasonable

attorney's fees and costs incurred; and any and all such further relief as may be deemed just and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, MAGDALENA CONREY, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 12th day of July, 2018.**

Respectfully Submitted,

**Jordan Richards,** PLLC
401 East Las Olas Blvd.
Suite 1400
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Magdalena Conrey*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*Jordan@jordanrichardspllc.com*
*Livia@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 12th of July, 2018.

By: */s/ Jordan Richards, Esquire*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: